UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN W. SEGRUE,

                Petitioner,

vs.                              Case No.   2:04-cv-231-FtM-29DNF

UNITED STATES OF AMERICA,

                Respondent.
_____

## OPINION AND ORDER

This matter comes before the Court on petitioner's Petition for Writ of Error Persons in Federal Custody Under Title 28 U.S.C. § 1651 (Doc. #1) and his Motion to Dismiss Dangerous Weapons Offense and Enhancement (Doc. #2), both filed on April 19, 2004. As directed by the Court, the government's Response (Doc. #13) was filed on August 26, 2004.  Petitioner asserts that the Court mis-calculated his total offense level under the Sentencing Guidelines by including a dangerous weapon enhancement, and that his attorney was ineffective for failing to recognize this error.  For the reasons set forth below, the Court finds that there is no merit to petitioner's arguments.

**I.**

On August 28, 2001, petitioner plead guilty pursuant to an Amended Plea Agreement (Doc. #50[1]) to Count One of an Indictment

---

[1]Docket numbers in this section refer to petitioner's criminal case, Case No. 2:01-cr-40-FTM-29DNF.

charging Conspiracy to Possess with Intent to Distribute Five Kilograms or More of a Mixture or Substance Containing a Detectable Amount of Cocaine. The maximum penalty was a mandatory minimum ten years to life imprisonment. The Presentence Report found that ten kilograms of cocaine were attributable to petitioner, which resulted in a base offense level of 32. Pursuant to U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(b)(1) (2001), a 2 level enhancement was added for possession of a dangerous weapon, i.e., a Daisy Powerline BB gun. Defense counsel objected to this enhancement, but the objection was overruled. Pursuant to U.S. SENTENCING GUIDELINES MANUAL § 3B1.2(b) (2001), a 2 level downward adjustment was made because petitioner was a minor participant. Petitioner also received a 2 level downward adjustment for acceptance of responsibility resulting in a total offense level of 30. Petitioner had a criminal history category of III, and therefore the resulting Sentencing Guidelines range was 121 months to 151 months imprisonment. The Court then granted the government's motion for a sentence reduction for substantial assistance, and sentenced petitioner to 78 months imprisonment. Petitioner did not file a direct appeal, habeas petition pursuant to 28 U.S.C. § 2255, or seek other post-conviction relief.

**II.**

Under certain circumstances federal courts have authority to issue a *writ of error coram nobis* under the All Writs Act, 28

U.S.C. § 1651.  United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000), cert. denied, 531 U.S. 1144 (2001).  This authority, however, is extremely limited.  It is well established that a *writ of error coram nobis* "is an extraordinary measure of last resort available only in compelling circumstances where necessary to achieve justice."  United States v. Mills, 221 F.3d at 1203.  See also United States v. Mosavi, 138 F.3d 1365, 1366 n.1 (11th Cir. 1998); United States v. Swindall, 107 F.3d 831, 834 (11th Cir. 1997); Lowery v. United States, 956 F.2d 227, 228 (11th Cir. 1992). The standard for *coram nobis* relief is high, with the court's jurisdiction being limited to review of errors of fact of the most fundamental character and when no statutory remedy is available or adequate.  United States v. Addonizio, 442 U.S. 178, 186 (1979); United States v. Mills, 221 F.3d at 1203-04; Lowery, 956 F.2d at 228-29.

To be entitled to a *writ of error coram nobis*, petitioner must show: (1) he was not in custody at the time he filed the petition, United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002)("A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255"); United States v. Garcia, 181 F.3d 1274, 1274-75 (11th Cir. 1999); United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997); (2) there is and was no other available and adequate avenue

of relief, <u>Alikhani v. United States</u>, 200 F.3d 732, 734 (11th Cir. 2000), <u>cert. denied</u>, 531 U.S. 929 (2000); <u>United States v. Mills</u>, 221 F.3d at 1204; and, (3) the error alleged "involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." <u>Alikhani v. United States</u>, 200 F.3d at 734 (citing <u>Moody v. United States</u>, 874 F.2d 1575, 1576-77 (11th Cir. 1989), <u>cert. denied</u>, 493 U.S. 1081 (1990)).

Petitioner satisfies none of these requirements. Petitioner was in custody at the Federal Correctional Institution in Jesup, Georgia at the time he filed his Petition.[2] (Doc. #1, ¶1). Petitioner could have raised the issue of a misapplication of the Sentencing Guidelines on direct appeal (but for the waiver contained in the Amended Plea Agreement (Doc. #50, p. 11, ¶ 4)), and therefore had an adequate avenue of relief. Finally, as discussed below, the issue of the dangerous weapon enhancement is not of the most fundamental character and does not render the proceeding irregular or invalid.

More generally, the All Writs Act has been applied to a petitioner who is still in custody. <u>See</u> <u>United States v. Williams</u>, 158 Fed. Appx. 249, 250-51 (11th Cir. 2005). Title 28 U.S.C. § 1651(a) empowers a federal court to enter such orders as are

---

[2]The Court notes that the Bureau of Prisons' Inmate Locator reflects that petitioner is now at the Yazoo City Federal Correctional Complex in Mississippi.

necessary to aid in the exercise of its pre-existing subject matter jurisdiction.  In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Pennsylvania Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985).  Such relief is an extraordinary remedy, issued in the discretion of the court.  Kerr v. U.S. Dist. Court for the Northern Dist. of California, 426 U.S. 394, 402-03 (1976).

Petitioner is entitled to no relief under the All Writs Act because relief was available under 18 U.S.C. § 3742 on direct appeal (but for the waiver), the claim that the dangerous weapon enhance should not have been applied lacks merit, and counsel was clearly not ineffective because he did object to the enhancement, as established by the Presentence Report Addendum.  As noted above, petitioner pled guilty to an offense carrying a mandatory minimum sentence of 120 months imprisonment.  The 2 level enhancement under U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(b)(1) (2001) for possession of a dangerous weapon applies to the Daisy Powerline "BB" gun found in petitioner's vehicle at the time of his arrest.  See U.S. SENTENCING GUIDELINES MANUAL § 2D1.1 cmt. n.3 (2001), adopting definition of dangerous weapon from U.S. SENTENCING GUIDELINES MANUAL § 1B1.1 cmt. n.1(d) (2001).  Petitioner's reliance on 18 U.S.C. § 921 and U.S. SENTENCING GUIDELINES MANUAL § 5K2.6 (2001) (Doc. #2, p. 2) is misplaced

because neither were applied to this case. If the Court had not considered the 2 level dangerous weapon enhancement, petitioner's Sentencing Guidelines "range" would have been 120 to 121 months because of the statutory mandatory minimum. See U.S. SENTENCING GUIDELINES MANUAL § 5G1.1(c)(2) (2001). Thus, the presence or absence of the dangerous weapon enhancement would not have impacted the mandatory minimum sentence.[3]

### III.

Because petitioner is proceeding pro se, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by petitioner. United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991). The Court has no inherent power to correct an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003). The Court finds no other basis for authority to reduce or vacate the sentence in this case which applies to petitioner. See e.g.,

---

[3] Petitioner was sentenced below this mandatory minimum because of the government's motion based upon his substantial assistance.

<u>Avila v. United States</u>, Case No. 2:05-cv-266-FTM-29DNF, 2005 WL 3467670, *3-5 (M.D. Fla. Dec. 19, 2005).[4]

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petition for Writ of Error Persons in Federal Custody Under Title 28 U.S.C. § 1651 (Doc. #1) is **DENIED**.

2. The Motion to Dismiss Dangerous Weapons Offense and Enhancement (Doc. #2) is **DENIED**.

3. The Clerk shall enter judgment accordingly and file a certified copy in the criminal file, Case No. 2:01-cr-40-FTM-29DNF.

4. The Clerk shall update the docket to reflect that petitioner is currently incarcerated at Yazoo City Federal Correctional Complex in Mississippi.

5. The Clerk shall close the civil case and terminate any pending deadlines and motions as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this  15th   day of June, 2006.

JOHN E. STEELE
United States District Judge

Copies:
AUSA
Petitioner

---

[4]Slip Copy attached.